

EXHIBIT

A

Cause No. 2015CV00936

FILED IN
IN THE COUNTY COURT OF APPEALS
SAN ANTONIO, TEXAS
05/21/2015 8:48:05 PM
AT LAW NO. 3 KEITH E. HOTTLE
Clerk

LOFT CONCEPTS, INC., §
    Plaintiff/Appellee §
                     §

v.                            §

DOLORES REYNOSO, et al. and §
ALL OCCUPANTS, §
    Defendants/Appellants §

IN THE COUNTY COURT

AT LAW NO. 3

BEXAR COUNTY, TEXAS

# FINAL JUDGMENT AND ORDER TO ISSUE WRIT OF POSSESSION, INSTANTER

On this day came to be considered the above-numbered and styled cause for trial on the merits. Plaintiff/Appellee appeared in person and through its attorney, Trey Wilson, and announced "ready." Defendant/Appellant was duly provided notice of hearing, and: ☑ appeared through counsel / ☐ failed to appear. A jury was waived, and all issues of fact and law were presented to the Court.

After considering the Court's file in this cause including all pleadings, the evidence admitted at trial, and the arguments of counsel, the Court finds as follows:

1. This suit is an appeal, following a Judgment of Eviction entered by the Bexar County Justice Court, granting restitution of the premises located at <u>323 Silver Bit, San Antonio, Bexar County, Texas 78227</u> (the "Subject Premises") to Plaintiff/Appellee.

2. Plaintiff/Appellee is the legal owner and record title holder of the Subject Premises, and has a superior right of possession thereto.

4. Defendants are tenants at sufferance, following the sale of the Subject property pursuant to the terms of a Substitute Trustee's Deed.

5. Plaintiff/Appellee properly served upon Defendants/Appellants notice to vacate the subject premises as required by Tex.Prop. Code § 24.005.

6. Defendant/Appellant has forcibly detained the subject premises under Tex.Prop. Code § 24.002 or otherwise.

7. Plaintiff/Appellee is entitled to a writ of restitution granting immediate and exclusive possession of the Subject Premises.

8. Plaintiff/Appellee has presented evidence of costs and attorneys' fees in the amount of $2,000.00.

It is therefore **ORDERED, ADJUDGED and DECREED** that LOFT CONCEPTS, INC., is entitled to, and is hereby awarded, immediate and exclusive possession of the real property located at 323 Silver Bit, San Antonio, Bexar County, Texas 78227.

It is further **ORDERED, ADJUDGED and DECREED** that LOFT CONCEPTS, INC. is entitled to all writs and processes necessary to give force and effect to this Judgment, including a writ of possession.

Pursuant to Tex. Prop Code § 24.0061, it is hereby **ORDERED,** that the Bexar County Clerk shall, ***instanter/immediately***, issue a Writ of Possession requiring that **DOLORES REYNOSO, JUAN REYNOSO AND ALL OCCUPANTS** of the property located at 323 Silver Bit, San Antonio, Bexar County, Texas 78227 be removed from such premises and that exclusive possession of same be immediately granted and given over to LOFT CONCEPTS, INC.

It is further **ORDERED, ADJUDGED and DECREED,** pursuant to Tex. Prop Code § 24.006(b), that LOFT CONCEPTS, INC., is entitled to reasonable and necessary attorney's fees in the amount of $2,000.00, and Judgment for same, together with costs of

Court is hereby awarded in favor of LOFT CONCEPTS, INC. and against Defendants/Appellants, jointly and severally.

This Judgment disposes of all claims and parties, and is, therefore, a Final Judgment.

All relief not expressly granted herein is **DENIED**.

SIGNED and entered on ___4/9/15.___

_____
Judge Presiding

SUPERSEDEAS BOND IS SET AT $15,000.00

Prepared By and Entry Requested:

Trey Wilson
**RL WILSON LAW FIRM**
111 W. Olmos Dr.
San Antonio, Tx 78212
Telephone (210) 223-4100
Facsimile (210) 223-4200
*Attorney for Plaintiff/Appellee*

SBN: 50511773

AGREED:

JAMES MINERVE
MINERVE LAW FIRM
115 SADDLE BLANKET TRAIL
BUDA, TX. 78610
888-230-6397 FAX
888-819-1440 PHONE
SBN: 24008692
ATTY FOR DEFENDANTS/APPELLANTS

# 2015CV00936

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date:4/20/2015 9:04:58 AM
Accepted By: Marisol Villanueva
/s/ Marisol Villanueva
Deputy Clerk

**CAUSE NO. 2015CV00936**

EXHIBIT
B

| | | |
|---|---|---|
| LOFT CONCEPTS, INC., | § | IN THE COUNTY COURT |
| *Plaintiff/Appellee,* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | AT LAW NUMBER 3 |
| | § | |
| | § | |
| DOLORES REYNOSO and JUAN REYNOSO, | § | |
| | § | |
| *Defendants/Appellants.* | § | |
| | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' NOTICE OF APPEAL OF EVICTION JUDGMENT

On the 9th day of April, 2015, came to be heard the above entitled and numbered cause. After hearing and considering the pleadings, evidence and argument, the Court found that the Plaintiff is entitled to judgment. The Defendants hereby request to appeal the judgment of this Court to the Fourth Court of Appeals for the State of Texas.

Respectfully submitted,

/s/ James Minerve

By: _____

James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(888) 819-1440 Office
(210) 336-5867 Direct
(888) 230-6397 Fax
Attorney for Defendants

---

Submit Date:4/17/2015 3:30:25 PM

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the attached Defendants' Notice of Appeal was sent to Plaintiff's counsel in accordance with the Texas Rules of Civil Procedure on April 17, 2015 to:

Trey Wilson
RL Wilson Law Firm
111 W. Olmos Dr.
San Antonio, Texas 78212
Tel: 210-223-4100
Fax: 210-223-4200


/s/ James Minerve
_____
James Minerve

| | | |
|---|---|---|
| LOFT CONCEPTS, INC., | § | IN THE COUNTY COURT |
| *Plaintiff/Appellee,* | § | |
| | § | |
| v. | § | AT LAW NUMBER 3 |
| | § | |
| DOLORES REYNOSO and JUAN | § | |
| REYNOSO, | § | |
| *Defendants/Appellants.* | § | BEXAR COUNTY, TEXAS |

## APPEAL BOND

STATE OF TEXAS §
COUNTY OF Bexar §

    Whereas, on April 9, 2015, came to be heard the above entitled and numbered cause. After hearing and considering the pleadings, evidence, and argument, the Court issued a judgment in favor of the Plaintiff, from which the Defendants, DOLORES REYNOSO and JUAN REYNOSO, have appealed to the Fourth Court of Appeals of Texas; now, therefore, the said DOLORES REYNOSO and JUAN REYNOSO, and their sureties, covenant that Defendant will prosecute this appeal with effect and pay all costs and damages which may be adjudged against the Defendant, provided the sureties shall not be liable in an amount greater than $15,000, said amount being amount of the bond herein.

Given under our hands on April 16ᵗʰ, 2015.



Principal
Dolores Reynoso

State of Texas §
County of Bexar §

Sworn to and subscribed before me on the 16ᵗʰ day of April, 2015

Notary Public, State of Texas
My Commission Expires: 10·11·2018

Miriam Mendoza
Notary Public,
State of Texas
Expires: 10-11-2018

Joshua Capo
JOSHUA CAPO, SURETY
220 Crestview
San Antonio, Texas 78212
Telephone: 817-805-4861

State of Texas §
County of Bexar §

Sworn to and subscribed before me on the 16th day of April, 2015.

Miriam Mendoza
Notary Public, State of Texas
My Commission Expires: 10-11-2018

Miriam Mendoza
Notary Public,
State of Texas
Expires: 10-11-2018

CHRISTOPHER CAPO, SURETY
4210 Fredericksburg
San Antonio, Texas 78213
Telephone: 210-901-3756

State of Texas §
County of Bexar §

Sworn to and subscribed before me on the 16th day of April, 2015.

Notary Public, State of Texas
My Commission Expires: 10-11-2018

Miriam Mendoza
Notary Public,
State of Texas
Expires:10-11-2018

Appeal Bond

## OATH OF SURETY

**CAUSE NO. 2015CV00936**

THE STATE OF TEXAS         §
THE COUNTY OF Bexar        §

BEFORE ME, the undersigned authority, on this day personally appeared J O S H U A  C A P O , a surety on the annexed appeal bond, thereon, and after being by me duly sworn, depose and say that he/she is a citizen of the State of Texas, and a freeholder in the state, that he/she is worth the sum of $15,000.00 dollars, over and above all just debts and liabilities, said property subject to execution and sale *(property cannot be part of a homestead)*, and that his/her property consists of *(Description of PERSONAL or REAL PROPERTY)*:

2012 Toyota Camry

Where is property located?     220 Crestview

PRINT Name of Surety     JOSHUA CAPO

Surety's TEXAS DL     0751833     Surety's Social Security 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

Surety's Home Address     220 Crestview, San Antonio, Texas 78212

Surety's Home/Mobile Phone     817-805-4861

Sign: Joshua Capo       (signature of surety)

Subscribed & Sworn to before me this 16th day of April, 2015.

_____
NOTARY PUBLIC in and for the STATE OF TEXAS

Miriam Mendoza
Notary Public,
State of Texas
Expires: 10-11-2016

**Maria Rogers**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Monday, April 20, 2015 9:06 AM |
| **To:** | Maria Rogers |
| **Subject:** | eFileTexas.gov – Filing Accepted - 4938741 |

| | |
|---|---|
| **Follow Up Flag:** | Follow Up |
| **Due By:** | Monday, April 20, 2015 9:15 PM |
| **Flag Status:** | Flagged |



# Filing Accepted

Envelope Number: **4938741**

The filing below was reviewed and has been accepted by the clerks office. Be sure to click the link below to retrieve your file stamped copy of the document filed.

## Filing Details

| | |
|---|---|
| **Court** | Bexar County |
| **Case Number** | 2015CV00936 |
| **Case Style** | |
| **Date/Time Submitted** | 4/17/2015 3:30:25 PM |
| **Date/Time Accepted** | 4/20/2015 9:05:33 AM |
| **Accepted Comments** | THANK YOU, MARISOL. |
| **Filing Type** | Notice of Appeal |
| **Activity Requested** | EFile |
| **Filed By** | Maria Rogers |

## Document Details

| | |
|---|---|
| **Lead File** | Dolores Reynoso Notice of Appeal to 4th COA 20150417.pdf |
| **Lead File Page Count** | 7 |
| **File Stamped Copy** | https://efile.txcourts.gov/ViewDocuments.aspx?FID=fe0c674c-ef04-490a-8bfe-237ba5b5a971<br>This link is active for 35 days. |

## Contact your service provider with any questions

Need Help? Help
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

1

SHERIFF

EXHIBIT
C

NO. 2015CV00936

LOFT CONCEPTS INC
VS.

IN THE COUN[TY]
AT LAW NO. 2
BEXAR COUNTY, TEXAS

JUAN REYNOSO, DOLORES REYNOSO AND ALL OCCUPANTS

## WRIT OF POSSESSION FOR REAL PROPERTY
## PER RULE 510.13-TEXAS RULES OF CIVIL PROCEDURE

TO THE SHERIFF OR ANY CONSTABLE OF ANY COUNTY, TEXAS - GREETINGS:

WHEREAS, on the 9TH day of April , 2015 , LOFT CONCEPTS INC Plaintiff herein, received a Judgment against JUAN REYNOSO, DOLORES REYNOSO AND ALL OCCUPANTS , Defendant(s) herein, for the possession of the following described premises, which means the rental unit and any outside area or facility that the Defendant was entitled to use under a lease or that is held out for the use of tenants generally, to-wit: 323 SILVER BIT, SAN ANTONIO, TX 78227

THIS IS, THEREFORE, TO COMMAND YOU, THAT YOU IMMEDIATELY:

1) Post a written warning of at least 8-1/2 by 11 inches on the exterior of the front door of the rental unit notifying Defendant(s) that the writ has been issued and that the writ will be executed on or after a specific date and time stated in the warning, but not sooner than 24 hours after the warning is posted; and thereafter,

2) Deliver possession of said premises to Plantiff;

3) Instruct Defendant(s) and all persons claiming under Defendant(s) to leave said premises immediately, and if said persons fail to comply, TO PHYSICALLY REMOVE THEM;

4) Instruct the Defendant(s) to remove, or to allow Plaintiff or Plaintiff's representatives, or other persons acting under your supervision to remove all personal property from the rental unit other than personal property claimed to be owned by the Plaintiff; and

5) Place, or have an authorized person place, the removed personal property outside the rental unit at a nearby location, but not blocking a public or private sidewalk, passageway, or street and not while it is raining, sleeting or snowing.

YOU ARE AUTHORIZED AT YOUR DISCRETION, TO:

Engage the services of a bonded or insured warehouse man to remove and store, subject to applicable law, part or all of the property at no cost to the Plaintiff or the Officer executing the Writ. Per 24.0061(f), Texas Property Code, you may not require Plaintiff to store any property removed from the premises. You may use reasonable force in executing this writ.

YOU ARE HEREBY NOTIFIED that as per Section 7.003 Texas Civil Practice and Remedies Code, the officer executing this Writ of Restitution is not liable for damages resulting from the execution hereof if said officer executes this Writ of Restitution in good faith and with reasonable diligence.

HEREIN FAIL NOT, but make due return of this Writ of Restitution showing that you have executed the same, before said Court, at the Courthouse of said county, in the City of San Antonio, County of Bexar, State of Texas, within thirty (30) days.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 9TH day of April A.D., 2015 .

ORDERED BY:

JAMES G MINERVE
ATTORNEY FOR PLAINTIFF
115 SADDLE BLANKET TRL
BUDA, TX 78610-9584
(210) 336 - 5867

GERARD RICKHOFF
COUNTY CLERK OF BEXAR COUNTY, TEXAS
BEXAR COUNTY COURTHOUSE
SAN ANTONIO, TEXAS 78205

BY: _____ DEPUTY
TAMMIE LERMA

RETURN

CAME TO HAND ON THE_____ DAY OF _____ A.D., 20___ AT_____ O'CLOCK____ M. AND EXECUTED (NOT EXECUTED) ON THE 14 DAY OF April A.D., 20 15 BY POSTING WARNING NOTICE ON FRONT DOOR AND HAND DELIVER TO DEF Advising HER TO VACATE premises By SET TIME & DATE NOTH PLA

RETURNED THE _____ DAY OF _____, 20____.

TOTAL FEES:_____

2015CV00
(DKC018)

BY _____ COUNTY, TEXAS

ORIGINAL



EXHIBIT
D

| Vernon's Texas Statutes and Codes Annotated |
| Property Code (Refs & Annos) |
| Title 4. Actions and Remedies |
| Chapter 24. Forcible Entry and Detainer (Refs & Annos) |

V.T.C.A., Property Code § 24.007

§ 24.007. Appeal

Effective: January 1, 2012

Currentness

(a) A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

(b) Notwithstanding any other law, an appeal may be taken from a final judgment of a county court, statutory county court, statutory probate court, or district court in an eviction suit.

**Credits**

Acts 1983, 68th Leg., p. 3516, ch. 576, § 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 891, § 1, eff. Sept. 1, 1985; Acts 1997, 75th Leg., ch. 1205, § 5, eff. Sept. 1, 1997; Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 2.02(a), eff. Jan. 1, 2012.

Notes of Decisions (76)

V. T. C. A., Property Code § 24.007, TX PROPERTY § 24.007
Current through the end of the 2013 Third Called Session of the 83rd Legislature

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.



| Vernon's Texas Rules Annotated |
| Texas Rules of Civil Procedure |
| Part V. Rules of Practice in Justice Courts |
| Rule 510. Eviction Cases (Refs & Annos) |

TX Rules of Civil Procedure, Rule 510.13

Rule 510.13. Writ of Possession on Appeal

Currentness

The writ of possession, or execution, or both, will be issued by the clerk of the county court according to the judgment rendered, and the same will be executed by the sheriff or constable, as in other cases. The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.

**Credits**

Adopted by order of April 15, 2013, eff. Aug. 31, 2013.

Notes of Decisions (8)

Vernon's Ann. Texas Rules Civ. Proc., Rule 510.13, TX R RCP Rule 510.13
Current with amendments received through 3/15/2015

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.



EXHIBIT

F

| Vernon's Texas Statutes and Codes Annotated |
| --- |
| Property Code (Refs & Annos) |
| Title 4. Actions and Remedies |
| Chapter 24. Forcible Entry and Detainer (Refs & Annos) |

V.T.C.A., Property Code § 24.0061

§ 24.0061. Writ of Possession

Currentness

(a) A landlord who prevails in an eviction suit is entitled to a judgment for possession of the premises and a writ of possession. In this chapter, "premises" means the unit that is occupied or rented and any outside area or facility that the tenant is entitled to use under a written lease or oral rental agreement, or that is held out for the use of tenants generally.

(b) A writ of possession may not be issued before the sixth day after the date on which the judgment for possession is rendered unless a possession bond has been filed and approved under the Texas Rules of Civil Procedure and judgment for possession is thereafter granted by default.

(c) The court shall notify a tenant in writing of a default judgment for possession by sending a copy of the judgment to the premises by first class mail not later than 48 hours after the entry of the judgment.

(d) The writ of possession shall order the officer executing the writ to:

(1) post a written warning of at least 8 ½ by 11 inches on the exterior of the front door of the rental unit notifying the tenant that the writ has been issued and that the writ will be executed on or after a specific date and time stated in the warning not sooner than 24 hours after the warning is posted; and

(2) when the writ is executed:

(A) deliver possession of the premises to the landlord;

(B) instruct the tenant and all persons claiming under the tenant to leave the premises immediately, and, if the persons fail to comply, physically remove them;

(C) instruct the tenant to remove or to allow the landlord, the landlord's representatives, or other persons acting under the officer's supervision to remove all personal property from the rental unit other than personal property claimed to be owned by the landlord; and

(D) place, or have an authorized person place, the removed personal property outside the rental unit at a nearby location, but not blocking a public sidewalk, passageway, or street and not while it is raining, sleeting, or snowing.

(e) The writ of possession shall authorize the officer, at the officer's discretion, to engage the services of a bonded or insured warehouseman to remove and store, subject to applicable law, part or all of the property at no cost to the landlord or the officer executing the writ.

(f) The officer may not require the landlord to store the property.

(g) The writ of possession shall contain notice to the officer that under Section 7.003, Civil Practice and Remedies Code, the officer is not liable for damages resulting from the execution of the writ if the officer executes the writ in good faith and with reasonable diligence.

(h) A sheriff or constable may use reasonable force in executing a writ under this section.

**Credits**

Added by Acts 1985, 69th Leg., ch. 319, § 1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., ch. 314, § 1, eff. Sept. 1, 1987; Acts 1987, 70th Leg., ch. 745, § 6, eff. June 20, 1987; Acts 1987, 70th Leg., ch. 1089, § 1, eff. Aug. 31, 1987; Acts 1989, 71st Leg., ch. 688, § 5, eff. Sept. 1, 1989; Acts 1997, 75th Leg., ch. 1205, § 4, eff. Sept. 1, 1997.

Notes of Decisions (3)

V. T. C. A., Property Code § 24.0061, TX PROPERTY § 24.0061
Current through the end of the 2013 Third Called Session of the 83rd Legislature

End of Document       © 2015 Thomson Reuters. No claim to original U.S. Government Works.


EXHIBIT
tabbies'

| Vernon's Texas Rules Annotated |
| Texas Rules of Appellate Procedure |
| Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos) |
| Rule 24. Suspension of Enforcement of Judgment Pending Appeal in Civil Cases (Refs & Annos) |

TX Rules App.Proc., Rule 24.2

24.2. Amount of Bond, Deposit or Security

Currentness

(a) *Type of Judgment.*

(1) For Recovery of Money. When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. But the amount must not exceed the lesser of:

(A) 50 percent of the judgment debtor's current net worth; or

(B) 25 million dollars.

(2) For Recovery of Property. When the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post. The amount of that security must be at least:

(A) the value of the property interest's rent or revenue, if the property interest is real; or

(B) the value of the property interest on the date when the court rendered judgment, if the property interest is personal.

(3) Other Judgment. When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. The security must adequately protect the judgment creditor against loss or damage that the appeal might cause. But the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that that relief was improper.

(4) Conservatorship or Custody. When the judgment involves the conservatorship or custody of a minor or other person under legal disability, enforcement of the judgment will not be suspended, with or without security, unless ordered by the trial court. But upon a proper showing, the appellate court may suspend enforcement of the judgment with or without security.

(5) For a Governmental Entity. When a judgment in favor of a governmental entity in its governmental capacity is one in which the entity has no pecuniary interest, the trial court must determine whether to suspend enforcement, with or without security, taking into account the harm that is likely to result to the judgment debtor if enforcement is not suspended, and the harm that is likely to result to others if enforcement is suspended. The appellate court may review the trial court's determination and suspend enforcement of the judgment, with or without security, or refuse to suspend the judgment. If security is required, recovery is limited to the governmental entity's actual damages resulting from suspension of the judgment.

(b) *Lesser Amount.* The trial court must lower the amount of security required by (a) to an amount that will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required by (a) is likely to cause the judgment debtor substantial economic harm.

(c) *Determination of Net Worth.*

(1) Judgment Debtor's Affidavit Required; Contents; Prima Facie Evidence. A judgment debtor who provides a bond, deposit, or security under (a)(1)(A) in an amount based on the debtor's net worth must simultaneously file with the trial court clerk an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. An affidavit that meets these requirements is prima facie evidence of the debtor's net worth for the purpose of establishing the amount of the bond, deposit, or security required to suspend enforcement of the judgment. A trial court clerk must receive and file a net-worth affidavit tendered for filing by a judgment debtor.

(2) Contest; Discovery. A judgment creditor may file a contest to the debtor's claimed net worth. The contest need not be sworn. The creditor may conduct reasonable discovery concerning the judgment debtor's net worth.

(3) Hearing; Burden of Proof; Findings; Additional Security. The trial court must hear a judgment creditor's contest of the judgment debtor's claimed net worth promptly after any discovery has been completed. The judgment debtor has the burden of proving net worth. The trial court must issue an order that states the debtor's net worth and states with particularity the factual basis for that determination. If the trial court orders additional or other security to supersede the judgment, the enforcement of the judgment will be suspended for twenty days after the trial court's order. If the judgment debtor does not comply with the order within that period, the judgment may be enforced against the judgment debtor.

(d) *Injunction.* The trial court may enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment, but the trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business.

## Credits

Eff. Sept. 1, 1997. Amended by Supreme Court Aug. 29, 2003 and Sept. 10, 2003, eff. Sept. 1, 2003; March 10, 2008, and Aug. 20, 2008, eff. Sept. 1, 2008. Approved by Court of Criminal Appeals Sept. 30, 2008, eff. Sept. 30, 2008.

## Editors' Notes

## NOTES AND COMMENTS

Comment to 2008 change: Subdivision 24.2(c) is amended to clarify the procedure in determining net worth. A debtor's affidavit of net worth must be detailed, but the clerk must file what is tendered without determining whether it complies with the rule. If the trial court orders that additional or other security be given, the debtor is afforded time to comply. Subdivision 24.4(a) is revised to clarify that a party seeking relief from a supersedeas ruling should file a motion in the court of appeals that has or presumably will have jurisdiction of the appeal. After the court of appeals has ruled, a party may seek review by filing a petition for writ of mandamus in the Supreme Court. *See In re Smith / In re Main Place Custom Homes, Inc.*, 192 S.W.3d 564, 568 (Tex. 2006) (per curiam).

Notes of Decisions (84)

Rules App. Proc., Rule 24.2, TX R APP Rule 24.2
Current with amendments received through 3/15/2015

                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.



EXHIBIT
H
tabbies

Vernon's Texas Rules Annotated

Texas Rules of Appellate Procedure

Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)

Rule 24. Suspension of Enforcement of Judgment Pending Appeal in Civil Cases (Refs & Annos)

TX Rules App.Proc., Rule 24.1

24.1. Suspension of Enforcement

Currentness

(a) *Methods.* Unless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by:

(1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment;

(2) filing with the trial court clerk a good and sufficient bond;

(3) making a deposit with the trial court clerk in lieu of a bond; or

(4) providing alternate security ordered by the court.

(b) *Bonds.*

(1) A bond must be:

(A) in the amount required by 24.2;

(B) payable to the judgment creditor;

(C) signed by the judgment debtor or the debtor's agent;

(D) signed by a sufficient surety or sureties as obligors; and

(E) conditioned as required by (d).

(2) To be effective a bond must be approved by the trial court clerk. On motion of any party, the trial court will review the bond.

(c) *Deposit in Lieu of Bond.*

(1) Types of Deposits. Instead of filing a surety bond, a party may deposit with the trial court clerk:

(A) cash;

(B) a cashier's check payable to the clerk, drawn on any federally insured and federally or state-chartered bank or savings-and-loan association; or

(C) with leave of court, a negotiable obligation of the federal government or of any federally insured and federally or state-chartered bank or savings-and-loan association.

(2) Amount of Deposit. The deposit must be in the amount required by 24.2.

(3) Clerk's Duties; Interest. The clerk must promptly deposit any cash or a cashier's check in accordance with law. The clerk must hold the deposit until the conditions of liability in (d) are extinguished. The clerk must then release any remaining funds in the deposit to the judgment debtor.

(d) *Conditions of Liability.* The surety or sureties on a bond, any deposit in lieu of a bond, or any alternate security ordered by the court is subject to liability for all damages and costs that may be awarded against the debtor--up to the amount of the bond, deposit, or security--if:

(1) the debtor does not perfect an appeal or the debtor's appeal is dismissed, and the debtor does not perform the trial court's judgment;

(2) the debtor does not perform an adverse judgment final on appeal; or

(3) the judgment is for the recovery of an interest in real or personal property, and the debtor does not pay the creditor the value of the property interest's rent or revenue during the pendency of the appeal.

(e) *Orders of Trial Court.* The trial court may make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause.

(f) *Effect of Supersedeas.* Enforcement of a judgment must be suspended if the judgment is superseded. Enforcement begun before the judgment is superseded must cease when the judgment is superseded. If execution has been issued, the clerk will promptly issue a writ of supersedeas.

**Credits**

Eff. Sept. 1, 1997.

Notes of Decisions (82)

Rules App. Proc., Rule 24.1, TX R APP Rule 24.1
Current with amendments received through 3/15/2015

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Print this page

# Case # 2015CV00936

### Case Information

| | |
|---|---|
| Location | Bexar County - County Clerk |
| Date Filed | 05/21/2015 08:31:34 PM |
| Case Number | 2015CV00936 |
| Case Description | |
| Assigned to Judge | |
| Attorney | James Minerve |
| Firm Name | Minerve Law Firm |
| Filed By | Maria Rogers |
| Filer Type | Not Applicable |



EXHIBIT
I

### Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

### Payment

| | |
|---|---|
| Account Name | Minerve Firm Credit Card |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 8846341 |
| Order # | 005389760-0 |

### Notice

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Notice |
| Filing Description | Notice of Filing Amended Appeal |
| Reference Number | DOLORES REYNOSO |
| Comments | |
| Status | Submitted |

see
= attached

### Fees

| | |
|---|---|
| Court Fee | $0.00 |

Service Fee                              $0.00

**Documents**

*Lead Document*                 Notice of Filing Amended Appeal Bond re Dolores          [Original]
                                Reynoso.pdf

| | | |
|---|---|---|
| LOFT CONCEPTS, INC., | § | IN THE COUNTY COURT |
| *Plaintiff/Appellee,* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| v. | § | AT LAW NUMBER 3 |
| | § | |
| | § | |
| DOLORES REYNOSO, | § | |
| *Defendant/Appellant.* | § | |
| | § | |
| | § | BEXAR COUNTY, TEXAS |
| | § | |

## DEFENDANT/APPELLANT'S NOTICE OF FILING AMENDED APPEAL BOND

Defendant/Appellant, DOLORES REYNOSO, files her Amended Appeal Bond attached hereto as Exhibit A. This Amended Appeal Bond is related to her Notice of Appeal of the Judgment entered by this Court on April 9, 2015 to the Fourth Court of Appeals and which Amended Appeal Bond should be included in the Court's record or transcript that is to be delivered to the Fourth Court of Appeals who has assigned this cause of action under case number 04-15-00267-CV.

Respectfully submitted,

/s/ James Minerve

By: _____

James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(888) 819-1440 Office
(210) 336-5867 Direct
(888) 230-6397 Fax
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the Defendant/Apellant's Notice of Filing Amended Appeal Bond was sent to Plaintiff's counsel in accordance with the Texas Rules of Civil Procedure on May 21, 2015 to:

Trey Wilson
RL Wilson Law Firm
111 W. Olmos Dr.
San Antonio, Texas 78212
Email: rlw3d@sa-law.com


/s/ James Minerve
_____
James Minerve

CAUSE NO. 2015CV00936

| | | |
|---|---|---|
| LOFT CONCEPTS, INC., | § | IN THE COUNTY COURT |
| *Plaintiff/Appellee,* | § | |
| | § | |
| v. | § | AT LAW NUMBER 3 |
| | § | |
| | § | |
| DOLORES REYNOSO, | § | |
| *Defendant/Appellant.* | § | |
| | § | BEXAR COUNTY, TEXAS |

**APPEAL BOND**

( Amended )

STATE OF TEXAS    §
COUNTY OF ~~Harp~~    §

    Whereas, on April 9, 2015, came to be heard the above entitled and numbered cause. After hearing and considering the pleadings, evidence, and argument, the Court issued a judgment in favor of the Plaintiff, from which the Defendant, DOLORES REYNOSO, has appealed to the Fourth Court of Appeals of Texas; now, therefore, the said DOLORES REYNOSO, and her sureties, covenant that Defendant will prosecute this appeal with effect and make payable to Plaintiff, LOFT CONCEPTS, INC., all costs and damages which may be adjudged against the Defendant, provided the sureties shall not be liable in an amount greater than $15,000, said amount being amount of the bond herein.

Given under our hands on May 21st, 2015.

_____
DOLORES REYNOSO, PRINCIPAL

State of Texas    §
County of ~~Harp~~    §

Sworn to and subscribed before me on the 21st day of May, 2015

```
MARIA A. ROGERS
MY COMMISSION EXPIRES
June 24, 2017
```

_____
Notary Public, State of Texas
My Commission Expires:_____

```
EXHIBIT
A
```

APPEAL BOND (DOLORES REYNOSO 2015CV00936)        Page 1 of 3

CHRISTOPHER CAPO, SURETY
~~4210 Fredericksburg Road~~  5315 Gawain Apt 113
San Antonio, Texas 78213
Telephone: 210-901-3756

State of Texas §
County of _Hays_ §

Sworn to and subscribed before me on the 21st day of May, 2015.

MARIA A. ROGERS
MY COMMISSION EXPIRES
June 24, 2017

Notary Public, State of Texas
My Commission Expires: _____

APPEAL BOND (DOLORES REYNOSO 2015CV00936)                    Page 2 of 3

_(signature)_

JOSE CAPO, SURETY
4210 Fredericksburg, Road
San Antonio, Texas 78213
Telephone: 210-838-6573

State of Texas  Hays  §
County of _____  §

Sworn to and subscribed before me on the 21st day of May, 2015.

_(signature)_

Notary Public, State of Texas
My Commission Expires:_____

MARIA A. ROGERS
MY COMMISSION EXPIRES
June 24, 2017

# OATH OF SURETY

## CAUSE NO. 2015CV00936

THE STATE OF TEXAS,                    §
THE COUNTY OF ___Hays___               §

BEFORE ME, the undersigned authority, on this day personally appeared CHRISTOPHER CAPO, a surety on the annexed appeal bond, thereon, and after being by me duly sworn, depose and say that he is a citizen of the State of Texas, and a freeholder in the state, that he is worth the sum of $15,000.00 dollars, over and above all just debts and liabilities, said property subject to execution and sale *(property cannot be part of a homestead)*, and that his/her property consists of *(Description of PERSONAL or REAL PROPERTY)*:

Nissan 350Z 2D JN1AZ34D86M331390 2006

Where is property located? 5315 Gawain San Antonio Tx 78218

PRINT Name of Surety          CHRISTOPHER CAPO

Surety's TEXAS DL             20717032          Surety's Social Security 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

Surety's Home Address         5315 Gawain Apt 112
                              ~~4210 Fredericksburg Road~~, San Antonio, Texas 78213

Surety's Home/Mobile Phone    210-901-3756

Sign: _____        (signature of surety)

Subscribed & Sworn to before me this 21st day of May, 2015.

---

MARIA A. ROGERS
MY COMMISSION EXPIRES
June 24, 2017

NOTARY PUBLIC, State of Texas
My Commission Expires:_____

## OATH OF SURETY

CAUSE NO. 2015CV00936

THE STATE OF TEXAS _Hays_ §
THE COUNTY OF ___Hays___ §

BEFORE ME, the undersigned authority, on this day personally appeared JOSE CAPO, a surety on the annexed appeal bond, thereon, and after being by me duly sworn, depose and say that he is a citizen of the State of Texas, and a freeholder in the state, that he is worth the sum of $15,000.00 dollars, over and above all just debts and liabilities, said property subject to execution and sale *(property cannot be part of a homestead)*, and that his/her property consists of *(Description of PERSONAL or REAL PROPERTY)*:

401 (K) acct # 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
Mercer 401K

Where is property located? _____

PRINT Name of Surety          JOSE CAPO

Surety's TEXAS DL ID          36060969          Surety's Social Security 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

Surety's Home Address         4210 Fredericksburg, San Antonio, Texas 78213

Surety's Home/Mobile Phone    210 838 6573

Sign: _Jose Q Capo_          (signature of surety)

Subscribed & Sworn to before me this 21st day of May, 2015.

MARIA A. ROGERS
MY COMMISSION EXPIRES
June 24, 2017

_Maria A. Rog_
NOTARY PUBLIC, State of Texas
My Commission Expires: _____